**Donna M. RUGO, Plaintiff,**

v.

**BERMUDA STAR LINE, INC.; Bahama Cruise Line, Inc.; Billingshurst Shipping, Ltd.; and Island Navigation Corporation (Ship Management), Ltd., Defendants.**

**Civ. A. Nos. 87–0238–Mc, 87–1016–Mc.**

United States District Court,
D. Massachusetts.

Aug. 3, 1990.

Ned C. Lofton, P.C., Wakefield, Mass., for plaintiff.

Andrew F. Lane, Glynn and Dempsey, Gaston, Snow & Ely Bartlett, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

McNAUGHT, District Judge.

This matter came before the Court on defendants Bahama Cruise Line, Inc. and Bermuda Star Line, Inc.'s motion for summary judgment.

Plaintiff Donna Rugo (Rugo), 26 years old, was a passenger aboard the S.S. Bermuda Star, a cruise ship, from February 1–8, 1986. Plaintiff alleges that she was assaulted and raped by two crewmembers during the late evening or early morning hours while en route back to her stateroom.

The passenger contract ticket requires that a person filing a claim for bodily injury must do so within one year, and must also provide the carrier with notice of the claim within six months of the date of injury. Rugo filed suit within one year but she did not give the shipowner notice, written or otherwise, of her claim within six months. It is on that basis that defendants seek summary judgment, claiming that plaintiff's action is time-barred for failure to comply with the limitations provision of the contract ticket.

Section 183b of Title 46 of the United States Code governs the action. That section establishes that carriers can require written notice for bodily injury claims within six months of the incident and commencement of a lawsuit within one year.

Limitation terms on a passenger contract ticket are enforceable only if reasonably communicated to the claimant. *Shankles v. Costa Armatori, S.P.A.*, 722 F.2d 861, 863, 867–868 (1st Cir.1983). In determining whether reasonable communication has occurred, the Court must examine "the ticket itself, the circumstances surrounding [Rugo's] purchase, [her] possession and familiarity with the ticket, and [her] ability to become meaningfully informed of the terms of the contract". *Muratore v. M/S Scotia Prince*, 845 F.2d 347, 351 (1st Cir.1988).

Plaintiff has not produced the actual ticket involved in this matter. What I have examined is the ticket supplied by defendants which, according to the affidavit of the Bermuda Star Line's Claims Manager, was the ticket used during the time of Rugo's cruise. On the front of the ticket, entitled in capital letters "PASSAGE CONTRACT TICKET", is what appears in the xeroxed copy to be a black box (in actuality, the box is blue), with conspicuous white lettering which reads "IMPORTANT NOTICE: Each passenger should carefully examine this ticket particularly the conditions on pages 1, 2, 3, 4, 5, 6, 7, 8, and 9." On the next page, the first words printed are, in capital letters, "CONDITIONS OF CONTRACT" and then "Acceptance Of This Ticket By The Passenger Shall Constitute An Acceptance By The Passenger". The time limitations for providing notice and filing suit are located on page 7 in paragraph 22(a). The section is not highlighted by a heading, nor printed in bold or capital letters. It reads:

"The Carrier and/or vessel shall not be liable for any claim whatsoever of the Passenger howsoever and wheresoever arising unless written notice thereof with full particulars shall be delivered to the Carrier or its agent as follows: 1. Within six (6) months from the day when the death or injury occurred in respect of any claim for loss of life or bodily injury ..."

I conclude, as a matter of law, that the limitations provisions were reasonably communicated to plaintiff. See *DeNicola v. Cunard Line Ltd,* 642 F.2d 5 (1st Cir. 1981). The terms of the ticket were visible, conspicuous language cautioned passengers that acceptance of the ticket constituted acceptance of a contract, and as the First Circuit stated in *Shankles,* a passenger has a "powerful incentive to study the passage contract ticket promptly after a loss has occurred". *Shankles,* 722 F.2d at 866, quoting *Lipton v. National Hellenic American Lines,* 294 F.Supp. 308, 311 (E.D.N.Y.1968). The fact that Rugo did not possess the ticket herself is immaterial where knowledge of the contract terms is imputed to her since she admitted that she believed her then boyfriend, with whom she shared a cabin during the cruise, had both their tickets in their cabin. See *Marek v. Marpan Two and Bahama Cruise Line, Inc.,* 817 F.2d 242 (3d Cir.), *cert. denied,* 484 U.S. 852, 108 S.Ct. 155, 98 L.Ed.2d 110 (1987). There is no question that Rugo had access to the ticket and could have familiarized herself with its provisions. Rugo also stated that although her relationship with her boyfriend ended shortly after the cruise, she remained in contact with him and thus, could have obtained her ticket at any time.

Plaintiff argues that even if the limitation terms were reasonably communicated to her, 46 U.S.C. § 183b allows for certain exceptions to the rule that claims are time-barred if notice is not given within the contractually prescribed time. Specifically, the statute provides that: "(b) Failure to give such notice, where lawfully prescribed in such contract, shall *not* bar any such claim—... (2) If the court excuses such failure on the ground that for some satisfactory reason such notice could not be given" (emphasis supplied).

 After the hearing on the motion, plaintiff submitted an affidavit of her treating psychologist in which the psychologist stated "within a reasonable degree of certainty", that following the incident, Rugo suffered from "Rape Trauma Syndrome" which rendered her incapable of disclosing her injuries during those first six months. In this Court's opinion, that is a satisfactory reason why notice could not be given within the contractually prescribed period. Plaintiff's failure to comply with the limitations provisions of the passage contract ticket, accordingly, is excused for purposes of this motion. Summary judgment is denied.